[No. 28867. Department Two. March 13, 1943.]

MARTIN T. BYRNE, *Respondent,* v. E. J. SANDERS *et al.,*
*Appellants.*[1]

*Bruce E. McGregor,* for appellants.

*Karl J. Grimm,* for respondent.

GRADY, J.—The plaintiff, Martin T. Byrne, brought
this action against the defendants, E. J. Sanders and
Caroline Sanders, his wife, to recover judgment upon
a promissory note executed by the defendant husband.
The case was tried before the court and a jury, and a
verdict was awarded the plaintiff. Motions for a new
trial and for a judgment notwithstanding the verdict

[1] Reported in 134 P. (2d) 941.

were denied, and, from the judgment entered upon the verdict, this appeal has been taken by the defendants.

Up to the time of the giving of the instructions, the case was tried and presented to the jury upon the following theories: The respondent claimed that, on April 23, 1938, appellant E. J. Sanders executed and delivered to him a promissory note in the sum of one thousand dollars, bearing interest at the rate of five per cent per annum, and payable April 23, 1941, no part of which had been paid.

Appellants maintained that the one thousand dollar note sued on was one of three notes, of like import, prepared by respondent and purported to represent the settlement of a series of land trades and transactions had between them. But when the notes were presented for signature, E. J. Sanders refused to sign them, and Mrs. Sanders not only refused to sign, but also forbade her husband doing so. After some discussion, the respondent agreed that, if the note sued on were signed, he would later ascertain the amount of certain expense he had incurred in making an automobile trip with appellants and advances made to cover the cost of repairs to their automobile, approximately one hundred fifty dollars and which appellants had theretofore agreed to pay, and change the reading of the note accordingly; and, also, he would change the note so as to make it payable five years after date without interest. Upon this agreement being made, appellant E. J. Sanders signed the note. The further claim was made by appellants that, if the note be treated as one for one thousand dollars, it would not be a community obligation because of the action of Mrs. Sanders in forbidding her husband to sign the note. As an additional defense, it was alleged that, prior to the time of the signing of the note, there had been a complete accord and satisfaction between

the respondent and appellants and, hence, there was no consideration for the note.

After these theories were presented to the jury by the conflicting testimony of the respective parties, the court instructed the jury, so far as need be considered here, (a) that, if it found that appellant E. J. Sanders gave the note sued upon for a valuable consideration, and it constituted a community obligation, a verdict should be returned for the respondent and against the appellants for the sum of one thousand dollars and interest; (b) that, if it found there had been a settlement between the respondent and appellants of the claims the parties had against each other, a verdict should be rendered for the appellants; and (c) that if the respondent, at the time of the execution of the note sued upon, agreed with appellants that he would ascertain the amount of the indebtedness owing to him by reason of the repair to their automobile and would only claim such sum under the note, then the jury should find a verdict for the appellants.

The appellants requested the court to instruct the jury as follows:

"You are further instructed that if you find from the evidence that the plaintiff, at the time of the execution of the instrument, agreed with the defendants that he would ascertain the amount of indebtedness of the defendants by reason of the repair of his car and would claim only such sum under this note, then it is your duty to deny recovery to the plaintiff in the sum claimed by the plaintiff."

This proposed instruction was refused on the ground that such an instruction had been given in substance.

It is well to observe here that the answer of appellant E. J. Sanders alleges, and the evidence submitted by him is to the effect, that the amount of the note was to be based upon both the expense incurred by the respondent on an automobile trip taken by the re-

spondent and appellants and the advances made by respondent to appellants to cover repairs to appellants' automobile. The instruction given by the court and the one proposed by appellants on this subject refer only to the indebtedness incurred in connection with the repairs to the automobile. To this extent, both the instruction given and the one proposed are incomplete.

There is no evidence in the record that the note was to be payable in five years or that it was not to bear interest, as alleged in the amended answer of appellant E. J. Sanders, and these claims appear to have been abandoned by the appellants.

Two forms of verdict were submitted for use by the jury: one suitable for a verdict for the respondent and against the community composed of E. J. Sanders and wife in the sum of one thousand dollars and interest; and one suitable for a verdict for the appellants.

In view of the fact that the appellants had advanced to the jury the theory that the note was intended to be in an amount represented by the expense of the automobile trip and the advances to cover the cost of repairs to their automobile and they should not be held liable thereon in any amount exceeding one hundred fifty dollars, the jurors evidently became confused and requested the court for further instructions, stating to the court, when asked what they wished to inquire about: "The one part concerning what amount of money the plaintiff has coming. . . . There is a question in the minds of the jury what the total amount is." The trial judge then told the jurors that the total amount sued for was one thousand dollars and interest at five per cent from the date of the note to the time of the trial, and, if any recovery was allowed at all, it would be this amount. The jury returned a verdict for the respondent in the sum of one thousand dollars and interest.

The trial court was in error in not submitting to the jury the partial defense of appellants to the effect that, when the note sued upon was executed, it was agreed that the amount stated upon its face should be changed by respondent so as to show the amount of the expense of respondent on the automobile trip and his advances for repairs to the automobile, and thus enable it to find a verdict for the respondent for that amount if it found from the evidence that such an agreement had been made. The trial judge treated this as a complete defense if the jury found the facts to be as claimed by the appellants. In view of one of the theories upon which the case was tried, the court should have given an instruction based upon the partial defense of appellants. The jury should have been given the opportunity to find a verdict against the appellants in a sum not exceeding one hundred fifty dollars if it so desired, and there is evidence in the record, if believed by the jurors, to warrant such a verdict. The appellants were thus denied a substantial right, and a new trial must be granted.

■ The appellants assign as error the refusal of the court to submit to the jury their proposed instruction as to the nonliability of the community composed of themselves on the note sued upon. No error was committed in this respect. The evidence submitted by the appellants on this question was not sufficient to entitle them to have the instruction given. The instructions given by the court on the issue were correct in view of the evidence before the jury.

■ The appellants claim that the court erred in holding that their partial defense should not be submitted to the jury, because they had not pled or proved that they had tendered to the respondent the amount they admitted owing him. We find no reference in the record to any question of the tender of any amount

admitted to be owing to the respondent other than in the written decision of the court when passing upon the motions for judgment notwithstanding the verdict and a new trial. The rule which should guide the court and counsel on another trial is that, where a defendant claims he is indebted to the plaintiff in a lesser amount than that claimed by the plaintiff, he is not obliged to offer to pay such amount, or tender payment thereof, as a condition precedent to maintaining his claim as a partial defense to the action of plaintiff.

The judgment is reversed, and the case remanded for a new trial.

SIMPSON, C. J., BEALS, BLAKE, and ROBINSON, JJ., concur.

---

May 28, 1943. Petition for rehearing denied.